**EXHIBIT A**

**AMERICAN ARBITRATION ASSOCIATION**

STEVEN GOLD,

    Claimant

v.

OPERA SOLUTIONS, LLC; and ARNAB GUPTA, in his professional and Individual capacities,

    Respondents

CASE NO. 01-15-0004-2411

## MOTION TO MODIFY DECISION AND FINAL AWARD

Respondents Opera Solutions, LLC ("Opera Solutions") and Arnab Gupta ("Gupta," collectively "Respondents"), pursuant to AAA Employment Rule 40 (Modification of Award), request that two computational errors contained in the Decision and Final Award dated October 13, 2016 ("Award") be corrected. First, Claimant Steven Gold was awarded interest on the amount of his 2013 guaranteed bonus from January 28, 2014. The Award acknowledges, however, that employees' 2013 bonuses were not paid until March 31, 2014. (Award, p. 10; *See also*, Tr. 255:22-256:2.) The stated intent of the Award is to put Gold in the position he would have been in had he been terminated without cause, and bonuses were paid on March 31, 2014. Therefore, the interest calculation should begin at March 31, 2014, not January 28, 2014.

Second, the Award states that "a fair basis for determining damages here would be to treat Opera's action as if it were a Termination Without Cause by the Company." (Award, p. 26.) However, the damages awarded to Gold for a guaranteed bonus are not consistent with the Employment Agreement.

# ARGUMENT

### A.  The Triggering Date for the Computation of Interest is Incorrect

In the Award, Gold is awarded pre-award interest on his guaranteed bonus and unreimbursed expenses from January 28, 2014, the date the Award found that Opera Solutions breached the Employment Agreement. (Award, p. 26.) This miscalculation represents a windfall to Gold. The Employment Agreement states that the 2013 guaranteed bonus "will be paid as soon as practicable during or after the 1st quarter following the end of 2013." (Employment Agreement, § 6(c)(iv).) Similarly, the evidence demonstrates that Gold would not have received his 2013 Bonus until March 31, 2014. (Tr. 255:22-256:2; Ex. 613.)

Accordingly, Opera Solutions respectfully submits that pre-award interest pursuant to N.Y. CPLR § 5004 should be recalculated on the sum due for Gold's guaranteed bonus from March 31, 2014, not January 28, 2014.

### B.  The Damages Award For Gold's Bonus Calculation is Not Consistent with a Termination Without Cause

The Award states that the pro-rata bonus payment provision in § 6(c)(ii) "is apparently inconsistent" with the notion of a "guaranteed bonus" payable if Gold was employed with Opera Solutions at the end of 2013. (Award, p. 10.) The Award then makes "no determination" regarding the applicability of the pro-rata provision or the effect of voluntarily leaving before March 31, 2014. *Id.*

The Award next holds that Gold's damages should be calculated under the Employment Agreement as if Gold had been terminated without cause. (Award, p. 26.) It provides:

> Applying those provisions to the circumstances here means that Gold is entitled to receive as damages for Opera's breach of the Employment Agreement $300,000 for his guaranteed bonus, $150,000 severance (salary continuation), his vested equity (including the tranche scheduled to vest in 2014, the year in which the termination is deemed to have occurred), and $8,920.79 for his unreimbursed business expenses.

2

(Award, p. 27.) Gold's salary continuation, vested equity, and unreimbursed business expenses were awarded consistent with Paragraph 9(b) of the Employment Agreement. (*Id.*) However, the computation of the guaranteed bonus is not at all consistent with the Employment Agreement's provisions for a bonus if Gold had been terminated without cause. The Employment Agreement states in relevant part that:

> **If the Employee ... is terminated by the Company without Cause prior to his receipt of payment of the 2013 Guaranteed Bonus** or the 2013 Performance Bonus, the Company shall pay to the Employee a pro-rated portion of the 2013 Total Bonus, **based on the booked revenue achieved by the Employee at the time of termination**. For example, if the Employee achieves $10 million in booked revenue in 2013 prior to separation from the Company, he will receive $140,000 for his 2013 bonus ($10 million/$50 million x $700,000 = $140,000).

(Ex. 303, Employment Agreement § 6(c)(ii).) (emphasis added). This provision is not boilerplate; it was actively negotiated by Gold and his attorney during Gold's recruitment to Opera Solutions for Gold's benefit. (*Compare* Ex. 522; with 303.) If Gold had performed well and booked significant revenues in 2013, he could have received a pro-rated bonus that exceeded the 2013 guaranteed bonus even if he separated before the bonuses were paid out. (Tr. 241: 2-19.) However, Gold did not book significant revenues in 2013 and should not receive a benefit for which he did not bargain. If Gold is to be awarded damages consistent with a termination without cause, his bonus should be computed just as if he had left voluntarily, pursuant to the prorated bonus calculation in Section 6(c)(ii).

The Award acknowledges that "it is undisputed that Gold did not achieve the required level of booked revenue" in excess of $21.4 million to earn a performance based bonus. (Award, p. 3.) As set forth in Opera Solutions' Post-Hearing Memorandum, Gold's booked revenue for 2013 was $1,765,000. (Respondents' Post-Hearing Memorandum, p. 32, *citing* Ex. 326; Tr.

3

111:6-120:11.)   Applying the formula in Section 6(c)(ii), Gold's 2013 bonus should be recalculated to $24,710.00.

Gold will contend that Opera Solutions prevented him from remaining employed with Opera Solutions until bonuses were paid by terminating him with cause on January 28, 2014. The record demonstrates, however, that Gold knew that he would forfeit his 2013 bonus if he departed Opera Solutions prior to March 31, 2014 and he communicated that fact to Deloitte. (Ex. 613.) The evidence shows that Deloitte took Gold's forfeiture of his Opera Solutions bonus into consideration when negotiating Gold's salary, signing bonus, and starting date. *Id.* Finally, the record shows that on January 23, before he received Opera Solutions' January 28 letter, Gold had a deal in place with Deloitte for a $1.4 million salary (Exs. 555, 556) and $400,000 signing bonus (Ex. 555; Tr. 342:24-25.) to account for the loss of his Opera Solutions bonus, accounting for his departure prior to March 31, 2014. Gold's efforts to negotiate a deal with Deloitte before his termination were entirely voluntary.

### CONCLUSION

The Award should be modified to award Gold damages consistent with the conclusion in the Award that Gold should be treated as though he was terminated without cause. The Award incorrectly awards Gold a bonus that he would not have received if he had been terminated without cause prior to March 31, 2014. The Award also incorrectly calculates pre-award interest on the bonus to a date over two months before Gold would have received a bonus. Accordingly, Opera Solutions respectfully moves that the Award be modified to award interest from March 31, 2014 based on a bonus amount of $24,710.00.

ME1 23609229v.1

Dated: November 2, 2016

                                            Respectfully Submitted,

                                            MCCARTER & ENGLISH, LLP

                                            By: _____
                                            Eric W. Wiechmann
                                            Tiffany R. Hubbard
                                            Joshua J. Wyatt
                                            CityPlace I, 36th Floor
                                            185 Asylum Street
                                            Hartford, CT 06103
                                            Telephone: 860.275.6731
                                            Email: ewiechmann@mccarter.com

                                            COUNSEL FOR OPERA SOLUTIONS,
                                            LLC; and ARNAB GUPTA, in his
                                            professional and Individual capacities

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of November 2016, a copy of the foregoing was served via e-mail on the following:

Andrew S. Goodstadt
George Vallas
Goodstadt Law Group, PLLC
One Old Country Road, Suite 347
Carle Place, New York 11514
agoodstadt@goodstadtlaw.com
gvallas@goodstadtlaw.com

_____
Eric W. Wiechmann